UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL SARAMA,

    Plaintiff,                                         Case No.: 3:19-CV-01116-J-32-JRK

v.

U.S. DRUG ENFORCEMENT AGENCY,

    Defendant

_____/

## Plaintiff's Motion for Attorneys' Fees and Costs

The rule of law is eroded when people – government agencies included – violate the law and experience no consequences. The Freedom of Information Act serves a vital role, for all Americans, of keeping our government honest and accountable to its citizens. The government, above all others, should comply with its own law. Lawsuits like this one should be unnecessary. But when the government refuses to comply with the law, as it did here, and forces a citizen to file suit because it is his only option for moving the government to act, the government should be held to the highest standard of accountability. The government should bear the expenses it forced by refusing to comply with the law, not the citizen. Daniel Sarama is not looking for a windfall here. But, he and his counsel should not be forced to bear the expense of the government's refusal to follow the law. Mr. Sarama was forced to file suit to get documents he had been requesting for more than a year. Because of this case, he

succeeded in getting those documents. For these reasons, Daniel Sarama moves for an order requiring Defendant DEA to pay his costs and attorneys' fees in this lawsuit.

## FACTUAL BACKGROUND

On May 22, 2017, Daniel Sarama was a 17-year old high school student who had just gotten out of school for the day and was walking down the sidewalk on 103rd Street in Jacksonville. Unknown to Mr. Sarama, a drug dealer named Marion Walker was being surveilled by law enforcement officers.[1] Walker, who had been driving a car on I-295 near 103rd Street in Jacksonville, ended up fleeing from those law enforcement officers. Walker lost control of his vehicle, which careened onto the sidewalk and struck Mr. Sarama. Mr. Sarama was injured so badly that the Florida Highway Patrol began a traffic homicide investigation in the belief that he was unlikely to survive.

DEA denied involvement. FHP denied involvement. JSO denied involvement. So, Mr. Sarama and his father began asking reasonable questions, "What law enforcement agency was involved here? And, what were they doing?" The agencies circled their wagons. Nobody told the Sarama's anything about who was involved and what happened. The Sarama's only heard denials of any involvement from one agency after another. Wanting some answers, Daniel Sarama was forced to hire a lawyer to investigate.

---

[1] Portions of this factual summary were taken from the Factual Basis for the guilty plea of Marion Walker in *United States v. Walker*, Case No.: 3:17-CR-201-HES-JRK. *See* Exhibit 1 at 21-24.

Acting through the undersigned, Daniel Sarama sent a FOIA request to the DEA on June 27, 2018. *See* Exhibit 2. He requested only five specifically described items. *Id.* DEA wrote to Mr. Sarama to acknowledge his request on July 16, 2018, and assigned him a request number of 18-00868-F. *See* Exhibit 3. DEA wrote to Mr. Sarama again on July 19, 2018, again acknowledged his request, and assured him that his request "is being handled as expeditiously as possible." *See* Exhibit 4. "As expeditiously as possible" is at least 15 months according to the DEA. It never responded again in that amount of time. Through counsel, Mr. Sarama repeatedly followed up with DEA until September 2019. The goal simply was to get responsive documents, not to set the stage for litigation. Each time he inquired, Mr. Sarama was told that a response was forthcoming. That response never came.

Finally, Mr. Sarama lost hope that DEA was acting in good faith and reluctantly filed the instant lawsuit on September 30, 2019, more than 15 months after his request. At the time of filing, DEA had not provided any response other than to acknowledge Mr. Sarama's request and assign it a request number.

**In response to Mr. Sarama's lawsuit, DEA disclosed responsive documents**

In its Answer, DEA admitted that it did not provide responsive documents to Mr. Sarama's June 2018 request until December 4, 2019. *See* Doc. 12, Answer, at para. 9. DEA also admitted that it had "not provided a basis for withholding the requested information when Plaintiff filed the Complaint." *Id.* at para. 11. DEA claims it was still in the process of responding. After suit was filed, and after multiple, unopposed extensions of time for it to respond to the Complaint, DEA finally

provided a partial response to Mr. Sarama's FOIA request on December 4, 2019. *See* Exhibit 5. Mr. Sarama was not satisfied with that response. After some back and forth between counsel for the parties, DEA made a supplemental disclosure on December 17, 2019. *See* Exhibit 6. Mr. Sarama requested only a small number of documents. DEA produced even fewer. Under these circumstances, a response time of more than 15 months is not justifiable. Instead, the response time suggests DEA was not complying in good faith with its FOIA obligations.

## MEMORANDUM OF LAW AND ARGUMENT

Fee and cost awards are discretionary in FOIA cases. FOIA provides that the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "A complainant has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

Here, Mr. Sarama is eligible for fees under the second prong of Section 552(a)(4)(E)(ii). That subsection, commonly called the "catalyst theory," makes Mr. Sarama eligible for costs and fees if this "litigation substantially caused the requested records to be released." *A.C.L.U. v. U.S. Dep't of Homeland Security*, 810 F. Supp. 2d 267, 274 (D.D.C. 2011).

A party who is eligible must also be entitled to costs and fees before such an award is made. The entitlement inquiry is an equitable one. Courts often repeat a

list of four factors to weigh when considering entitlement: 1) the public benefit derived from the action; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) the reasonableness of the agency's withholding of the requested documents. *See Chilivis v. S.E.C.*, 673 F.2d 1205, 1212 (11th Cir. 1982). However, this Court "may consider any relevant equitable factor that may affect the balancing of the factors in light of the 'fundamental legislative policies' underlying FOIA.'" *Friends of Etna Turpentine Camp, Inc. v. U.S. Fish & Wildlife Serv.*, 2019 U.S. Dist. LEXIS 140074, *41-42 & n. 16 (M.D. Fla. Jul. 9, 2019). The Court has broad discretion to determine whether the plaintiff's costs should be reimbursed or attorneys' fees should be paid by the government. *See Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981).

**Mr. Sarama has substantially prevailed and is eligible for an award of costs and fees.**

At the time Mr. Sarama filed this case, his FOIA request had been pending with the DEA for over 15 months. The request sought only five very specific items. When he filed suit, Mr. Sarama had received no response aside from two acknowledgements of his request. *See* Exhibits 3 and 4. DEA unilaterally changed position after he filed suit.

Mr. Sarama is entitled to an inference that this case moved the DEA to act on his request. According to the Eleventh Circuit, "the late production of document may support an 'adverse' inference if the agency fails to produce a reasonable explanation for the delay." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F. 3d 1164, 1178 (11th Cir. 2019). Here, the DEA has offered no explanation to justify its failure to

respond over more than 15 months until Mr. Sarama filed suit. The delay certainly is not justified by the limited and specific nature of Mr. Sarama's request, or by the DEA's limited response. This is not a case in which broad categories of documents were requested or in which thousands of pages of documents needed to be collected and reviewed by DEA. Instead, DEA produced a total of 5 pages of substantive response, consisting of one vehicular pursuit policy and one page of an incident report. If a delay of 15 months to produce five pages from two documents is reasonable, then it is hard to imagine any circumstance in which an agency could be held to have unreasonably delayed. Because DEA cannot offer any reasonable explanation to justify its failure to timely respond to Mr. Sarama's request, the Court should impose an adverse inference against DEA and should conclude Mr. Sarama's lawsuit was a necessary response to an unreasonable delay. That equitable factor, alone, should entitle Mr. Sarama to recover his costs. This case was only made necessary by DEA's unreasonable delay in responding to his simple request. The Court should infer that DEA only changed position and responded to Mr. Sarama's request because he filed suit.

The filing of this suit resulted in the assignment of the local U.S. Attorney's Office. And, though the undersigned is not privy to communications between the DEA and its counsel, it is apparent that this case, the oversight of this Court, and the involvement of counsel for the DEA were instrumental in moving the DEA to respond to Mr. Sarama. For example, on November 5, 2019, DEA's counsel filed a consent motion to extend the DEA's deadline to respond to Mr. Sarama's lawsuit. (Doc. 6).

That filing correctly reported to the Court that Mr. Sarama's undersigned counsel and DEA counsel, Mr. Gibbons, had been conferring about the substance of the case. *Id.* Without the oversight of this Court, the involvement of Mr. Gibbons, and the process of conferring, DEA would not have complied with Mr. Sarama's request.

When DEA finally responded, it informed Mr. Sarama that three of the five items he was requesting did not exist. DEA had to check with only one office – the Miami field office – to get the answer. *See* Exhibit 5. Checking with that one office took 18 months (June 2018 to December 2019). Yet, DEA produced an answer to Mr. Sarama's request for those three items within one month of getting more time from this Court. That is not a mere coincidence. More likely, DEA took no action whatsoever to find whether those three items existed until after November 5, 2019, when it asked the Court for more time to respond to Mr. Sarama's Complaint.

As for the other two of the five items Mr. Sarama requested, DEA's response on December 4, 2019 produced one item (four pages of a pursuit policy) and raised an objection to producing another, an investigation report. *See* Exhibit 5. After more conferring between undersigned counsel and DEA counsel, DEA agreed to produce a portion of the incident report. It produced that with its December 17, 2019 response. *See* Exhibit 6. Notably, Mr. Gibbons is copied on both of the DEA's December 17, 2019 responses. This helps to establish that DEA knew of Mr. Gibbons' involvement, that Mr. Gibbons likely was instrumental in convincing DEA to provide a response, and that DEA was providing responses in reaction to this case.

This situation here is analogous to any other settlement agreement after litigation. In the context of a criminal defendant entering a plea deal, few would argue that the charges were unnecessary because the criminal defendant would have confessed anyway. In the context of a civil case for money damages, the circumstance here is akin to the case settling after suit is filed when no settlement offers were made presuit. In all these situations, the presence of the court proceedings and the authority of the courts are the factors that encouraged the parties to resolve their differences. By filing suit here, Mr. Sarama forced the DEA to answer to this Court. The suit forced DEA into a position of having either to respond at long last to his simple FOIA request, or to justify to this Court its failure to respond. It chose to respond. Mr. Sarama prevailed. He is eligible for costs and fees.

**Mr. Sarama is entitled to recover costs and fees.**

Mr. Sarama's entitlement to recover costs and fees is based largely on the third and fourth of the four common factors: 1) the public benefit derived from the action; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) the reasonableness of the agency's withholding of the requested documents. *Chilivis*, 673 F. 3d at 1212. Here, DEA had no reasonable grounds for failing to provide Mr. Sarama a timely response.

The first factor probably weighs against an award of fees and costs, though there is some limited public benefit derived from this case. Indeed, that was the purpose of FOIA – to benefit the American public by giving ordinary citizens a view of their government's actions. DEA and its agents are more likely to act within the

bounds of the law when they know that their actions are in public view. This case serves that purpose. Mr. Sarama does not intend to post the few documents he received to the internet or to otherwise publish them.

The second factor weighs in favor of Mr. Sarama. He has no commercial interest in the things he requested. He is not a government contractor. He is not setting up a bid protest. He did not request the documents to track the actions of any business competitor. Since he has no commercial interest in the documents, the second factor weighs in his favor.

The third factor is closely tied to the second factor. Mr. Sarama sought documents from DEA because he was badly injured and wanted to know what happened and why it happened. Multiple law enforcement agencies denied involvement. The government may argue that Mr. Sarama sought the documents because he was investigating a potential injury claim. A Form 95 was sent to DEA to preserve Mr. Sarama's right to pursue a claim under the Federal Tort Claims Act. However, that claim has not been denied and Mr. Sarama has not filed a suit under the FTCA. Mr. Sarama is not and was not seeking documents as a means of conducting discovery in a civil case. He wanted answers about what happened, who was involved, and why he was nearly killed. The fact that he was injured does not give him lesser standing than any other citizen to request public information. But, when multiple state and local law enforcement agencies denied involvement, he had nowhere else to turn for answers.

The fourth factor weighs heavily in favor of Mr. Sarama. This factor already has been discussed at length. DEA had no reasonable basis for failing to respond to his simple request for a year and a half. FOIA requires a response within 20-30 days. *See* 5 U.S.C. §§ 552(a)(6). His request was not voluminous or complex. DEA simply chose to ignore it. Its refusal to provide him the requested items, to let him know that they do not exist, or to provide any legal basis for withholding the items was not reasonable.

**The Court should award Mr. Sarama reimbursement of his costs even if it declines to award his attorneys' fees.**

Even if the Court determines Mr. Sarama is not eligible for or entitled to an attorneys' fee award, the Court should exercise its discretion to order that DEA reimburse Mr. Sarama's costs. An award of costs, only, will provide at least some incentive for DEA to take FOIA requests more seriously, and will work to better enforce federal law. On the flip side, an award of costs is no incentive to Mr. Sarama or any other potential FOIA claimant to initiate FOIA litigation. It is not a reward. Reimbursement of the costs would only put Mr. Sarama back in the position he would have been in if DEA responded to his FOIA request without the necessity of litigation. Mr. Sarama should not have been forced to file suit and to incur litigation costs. And, DEA should not be allowed to violate federal law, and invite what should be unnecessary litigation, with impunity. For these reasons, the Court should enter an order determining that DEA is required to reimburse Mr. Sarama for his costs, even if the Court declines to award attorneys' fees.

In conclusion, the Court should enter an order determining that Mr. Sarama substantially prevailed in this litigation and that he is eligible for, and entitled to, an award of his costs and attorneys' fees.

Respectfully submitted,

**SPOHRER & DODD, P.L.**

*/s/ Galen D. Bauer*
Galen D. Bauer, Esq.
Florida Bar No.: 014156
76 South Laura Street, Suite 1701
Jacksonville, Florida 32202
(904) 309-6500 - Telephone
(904) 309-6501 - Facsimile
gbauer@sdlitigation.com
***Attorney for Plaintiff***

## Local Rule 3.01(g) Certification

I hereby certify that I conferred with Shea Gibbons, Esq., counsel for Defendant, who indicated that Defendant opposes the relief requested in this motion.

*/s/ Galen D. Bauer*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the CM/ECF system for the United States District Court, Middle District of Florida, which will send an electronic copy to counsel for all parties.

*/s/ Galen D. Bauer*
Attorney